UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LISA GRANT AND PHILLIP POCKETT** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION " "** |
| | * | |
| | * | **MAGISTRATE** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, State Farm Fire and Casualty Company, which files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446 and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

## I.   INTRODUCTION

1.

Plaintiffs brought this action against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 2014-8561, and entitled "*Lisa Grant and Philip Pockett v. State Farm Fire and Casualty Company.*"[1]

---

[1] The entire State Court record is attached hereto as Exhibit A. The record includes Plaintiffs' Petition, Citation and Return of Service.

{N0922880 -}                              1

2.

The suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiffs' homeowners insurance policy in connection with Hurricane Isaac.[2]  In addition to Plaintiffs' claims under the terms of the policy, Plaintiffs seek general and specific damages, as well as damages, penalties and attorney's fees under Louisiana Revised Statutes 22:1892 and 22:1973.[3]

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

3.

28 U.S.C. Section 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

4.

Plaintiffs are alleged to be a citizen of the State of Louisiana.[4]  State Farm is incorporated and has its principal place of business in Illinois and is, therefore, domiciled in the State of Illinois. Thus, complete diversity exists between all adverse parties.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

5.

Based upon information and belief, the amount in controversy exceeds $75,000.

---

[2] Exhibit A: Plaintiffs' Petition
[3] *Id.*, at ¶ 9, 13, & 14.
[4] *Id.*, at ¶ 1.

6.

When plaintiffs allege an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). A defendant satisfies this burden either: (1) by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount; or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen* at 1335.

7.

While State Farm admits neither liability nor any element of damages, Plaintiffs' Petition supports a finding that the amount in controversy exceeds $75,000.

8.

Plaintiffs allege their property at issue was "severely damaged" and rendered "uninhabitable" as a result of Hurricane Isaac.[5]

9.

Plaintiffs further allege State Farm estimated the property at issue sustained at least $65,273.98 worth of damage as a result of Hurricane Isaac, yet, State Farm failed to tender any payments to Plaintiffs under Plaintiffs' State Farm issued policy.[6] Thus, Plaintiffs are seeking no less than $65,273.98 under their contract claim.

10.

In addition to the contract claim (*which is no less than $65,273.98*), Plaintiffs are seeking penalties and attorney fees for State Farm's alleged "arbitrary" and "capricious" adjustment of

---

[5] *Id.*, at ¶ 4.
[6] *Id.*, at ¶ 5, 6, & 7.

Plaintiffs' claim, in violation of Louisiana Revised Statutes 22:1892 or 22:1973.[7] If State Farm is found to be in violation of Louisiana Revised Statutes 22:1892 or 22:1973, Plaintiff could be entitled to awards of fifty percent or two times the damages sustained by Plaintiff. Additionally, Plaintiff could be awarded attorney fees, which would likely total 33% to 40% of the total award.

11.

The State Farm issued homeowners policy at issue provides for $581,300 of coverage for property damage.[8]

12.

While State Farm admits neither liability nor any element of damages, the contractual damages, penalties and attorney's fees claimed by Plaintiffs in the Petition support a finding that the amount in controversy herein exceeds $75,000.

C. **THE PLAINTIFFS DID NOT FILE A BINDING STIPULATION LIMITING RECOVERY WITH THE PETITION**

13.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See *Manguno v. Prudential Prop. & Cas. Co., Inc.*, 276 F.3d 720 (5th Cir. 2002).

14.

The United States Supreme Court has held that with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause: "[l]itigants who want to prevent removal must file a binding stipulation or

---

[7] *Id.*, at ¶ 8, 9, 13, 14, & Prayer for Relief.
[8] Exhibit B: State Farm Declaration page, policy number 18-CK-2646-9.

affidavit with their complaints…." *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing Red Cab Co.,* 303 US at 283. Thus, once a defendant has removed the case, later filings by the Plaintiff are irrelevant. *De Aguilar*, 47 F.3d at 1412. The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm Fire & Cas., et. al.,* 2006 WL1581272, *2 (E.D.La. 2006).

15.

Here, Plaintiffs have made no such binding stipulation and renunciation.

16.

While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen,* and *Davis,* State Farm has met its burden of showing the amount in controversy is in excess of $75,000.

**III.     STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

17.

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Plaintiffs filed the Petition on or about August 28, 2014. State Farm was served through the Secretary of State on September 29, 2014. Therefore, this notice of removal, filed on October 28, 2014 is timely filed.

18.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. Section 1391 (b)(2), as Plaintiffs' property, which is at issue in this suit, is in the jurisdictional territory of this Court.

19.

There are no other named defendants in the instant action. Thus, the consent of other named defendants is not applicable.

20.

Pursuant to 28 U.S.C. Section 1446(a), attached hereto as Exhibit A is a copy of all process, pleadings, and orders filed with the state court. No other processes, pleadings, or orders have been served on State Farm to date.

21.

A notice to Plaintiffs and to the Civil District Court for the Parish of Orleans was filed and served in the underlying action concurrently herewith.

22.

No previous application has been made for the relief requested herein.

23.

The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and the Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal be deemed good and sufficient and that this matter be accepted onto this Court's docket.

Respectfully submitted,

*/s/ R. Daniel Serio, Jr.*
DAVID A. STRAUSS, #24665
R. DANIEL SERIO, JR., #32681
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
dstrauss@kingkrebs.com
dserio@kingkrebs.com

*Attorneys for State Farm Fire & Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, facsimile or by placing the same in the United States mail, properly addressed and postage pre-paid, this 28th day of October, 2014.

*/s/ R. Daniel Serio, Jr.*
R. DANIEL SERIO, JR.